IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MUNICIPAL REVENUE SERVICES** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| v. | : | **NO. 06-4749** |
| **JOHN P. MCBLAIN, Individually and in his official capacity as Vice President of Aldan Borough, and ALDAN BOROUGH** | : | |
| **Defendants.** | : | |

**DuBOIS, J.**                                                                                                         **February 5, 2010**

**M E M O R A N D U M**

**I. INTRODUCTION**

Plaintiff, Municipal Revenue Services ("MRS"), filed suit on October 23, 2006, asserting claims against defendants, John P. McBlain and Aldan Borough, for violations of the First and Fourteenth Amendments to the United States Constitution and for commercial disparagement in violation of Pennsylvania law. This Court dismissed plaintiff's Fourteenth Amendment Due Process claims by Order dated March 17, 2007. It disposed of the remaining claims in an August 1, 2008 Order dismissing the state law commercial disparagement claim and entering judgment for the defendants on the First Amendment and Equal Protection claims. The United States Court of Appeals for the Third Circuit affirmed both of these orders in an opinion dated October 6, 2009.

Presently before the Court is Defendants' Petition for Counsel Fees. For the reasons discussed below, the petition is denied.

## II. BACKGROUND

The history of this case is set forth in detail in this Court's Memorandum and Order of August 1, 2008 granting in part and denying in part defendants' motion for summary judgment, Municipal Revenue Servs. v. McBlain, No. 06-4749, 2008 WL 2973852 (E.D. Pa. Aug. 4, 2008) ("McBlain I"), and in the Third Circuit's Opinion of October 6, 2009. It will be recited in this Memorandum only as necessary to address the issues presented by defendants' petition for counsel fees.

## III. DISCUSSION

### A. Legal Standard

The American Rule states that a prevailing litigant is not entitled to collect attorneys' fees from the loser. See Travelers Cas. and Sur. Co. of Am. v. Pac. Gas and Elec. Co., 549 U.S. 443, 448 (2007). 42 U.S.C. § 1988(b)[1] creates an exception to this rule for litigants who prevail in an action filed pursuant to 42 U.S.C. § 1983. See Solomen v. Redwood Advisory Co., 223 F. Supp. 2d 681, 682 (E.D. Pa. 2002). For prevailing defendants, this exception is construed narrowly. "[A] prevailing defendant is entitled to attorney's fees only upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." Barnes Found. v. Twp. of Lower Merion, 242 F.3d 151, 158 (3d Cir. 2001) (citing Christianburg Garment Co. v. EEOC, 434 U.S. 412, 421(1978)). The prevailing defendant may also recover upon a showing that plaintiff acted in bad faith. Id. at 165. The standard for evaluating bad faith is an objective one. Id. at 158

A lawsuit is not "frivolous, unreasonable or without foundation" simply because a plaintiff

---

[1] The statute provides, in relevant part: "[i]n any action or proceeding to enforce a provision of sections . . . 1983 [and] 1985 . . . of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. . . . " 42 U.S.C. § 1988(b).

loses. See Christianburg, 434 U.S. at 421-22 (admonishing courts to resist the understandable temptation to engage in *post hoc* reasoning). Rather, a lawsuit is frivolous when it "lacks an arguable basis in the law," where "the results are obvious, or the arguments . . . are wholly without merit," or "a suit [is] so completely without hope of succeeding that the court can infer that the plaintiff brought it to harass the defendant rather than to obtain a favorable judgment." Solomen v. Redwood Advisory Co., 223 F. Supp. 2d 681, 682-83 (E.D. Pa. 2002) (ellipsis in original) (collecting definitions). The Supreme Court has recognized the difficulty of using these abstract words to deal with concrete cases, noting that the "course of litigation is rarely predictable." Christianburg, 434 U.S. at 422. "Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." Id.

### B. Factual and Legal Sufficiency of Plaintiff's Claims

This Court's orders dismissing plaintiff's claims and granting summary judgment in defendants' favor called into question the legal and evidentiary sufficiency of plaintiff's claims. But insufficient claims are not necessarily frivolous. See Nietzke v. Williams, 490 U.S. 319, 328 (1989) (distinguishing between dismissal for failure to state a claim on the one hand, and dismissal on the basis of frivolousness on the other); Whiteland Woods, L.P. v. Twp. of W. Whiteland, No. 96-8086, 2001 WL 936490, at *5 (E.D. Pa. Aug. 14, 2001) (noting that summary judgment in defendant's favor does not imply frivolousness).

Plaintiff's substantive and procedural due process claims, dismissed by this Court for failure to state a claim, were weak, but they were not frivolous. Those claims were rooted in an expansive and complex area of constitutional law and were supported with citations to relevant authority. The Court disagreed with plaintiff's arguments in its opinion. It did not find plaintiff's claims to be

frivolous then; it does not find them to be frivolous now. The Third Circuit, likewise, issued an opinion explaining why it was unpersuaded by plaintiff's arguments. Plaintiff's arguments failed, but failure is not frivolousness. The Court concludes that it would be improper to exercise its discretion to award attorneys' fees to defendants for their defense of these claims when petitioner's substantive and procedural due process claims had an arguable basis in the law.

Plaintiff's First Amendment retaliation claim survived defendants' motion to dismiss but not their motion for summary judgment. In its presentation of this claim, plaintiff did not offer evidence of a pre-existing relationship with a governmental entity. This omission proved fatal. In McClintock v. Eichelberger, the Third Circuit held that the First Amendment's protections against retaliation based on political discrimination do not extend to independent contractors with no pre-existing relationship to a governmental entity. 169 F.3d 812, 817 (3d Cir. 1999). Applying McClintock, this Court concluded that plaintiff's argument failed. In its evaluation of this claim for frivolousness, this Court must refrain from committing the fallacy of *post hoc ergo propter hoc*. First Amendment claims require a probing analysis of the precise speech at issue in its unique context. See e.g., See Clemente v. Espinosa, 749 F. Supp. 672, 677 (E.D. Pa. 1990) (noting that "catchy phrases" or "hyperbole" must be viewed in context to determine a statement's legal status). This Court was unpersuaded by plaintiff's evidence, but plaintiff had credible arguments, grounded in the relevant facts and legal authority, to the contrary. Indeed, plaintiff's First Amendment retaliation claim was sufficiently serious to inspire an opinion from the Third Circuit that affirmed this Court's order on the alternative ground that, even assuming plaintiff is protected by the First Amendment, defendant's speech did not rise to the level of "threats, intimidation, or coercion" necessary to prevail on a First Amendment retaliation claim. Muncipal Rev. Servs. v. McBlain, No. 08-3734, 2009 WL 3182925,

at *6 (3d Cir. Oct. 6, 2009). Plaintiff clearly had a factual and legal foundation for its First Amendment retaliation claim.

Similarly, although plaintiff's Equal Protection Clause claim was weak, it was not frivolous. As this Court concluded when it considered defendant's motion to dismiss, plaintiff's allegations formed the legal basis of a "class of one" equal protection claim. On summary judgment, plaintiff relied on the fact that McBlain had a peripheral role in a transaction between Xspand and the City of Chester and Chester Upland School District to argue that it had been intentionally treated differently from other, similarly situated, companies. McBlain I, 2008 WL 2973852, at *1-*3. This fact, standing alone, was insufficient. The Court ruled that plaintiff's claim failed because (1) McBlain had expressed disapproval of other lien sales, (2) plaintiff's proposal impacted McBlain's constituents in a way other proposals did not, and (3) McBlain had a rational basis for any differential treatment. Id. at *8. Plaintiff presented no evidence to contradict these conclusions, but this does not mean that its claim was "frivolous." See Weisberg v. Riverside Twp. Bd. of Educ., 272 F. App'x 170, 173 (3d Cir. 2008) (explaining that plaintiff's failure to establish even a prima facie case was not enough to warrant a conclusion that the claim was "wholly without foundation" and therefore frivolous). In hindsight, plaintiff's excessive reliance on facts related to the Xspand/Chester transaction was misplaced, but this does not render its claim frivolous.

Plaintiff's Monell claims against the Borough of Aldan failed for all of the reasons articulated above but, as with all of the other claims, were grounded in law and fact.

Finally, this Court's decision to dismiss without prejudice, on jurisdictional grounds, plaintiff's commercial disparagement claim was grounded in procedural concerns that had no bearing on the merits. The Court cannot say that the commercial disparagement claim was frivolous.

### C. Harassment

Attorneys' fees may be awarded to a prevailing defendant if plaintiff's suit was filed in bad faith. See Barnes 242 F.3d at 165 (awarding attorneys' fees after concluding that plaintiff "cynically brought this frivolous action to capitalize on its minority status to achieve its goal of alleviating its parking problem"). The standard for bad faith is objective. Plaintiff must have known, or should have known, the legal or evidentiary deficiencies of its claims. See Brown v. Borough of Chambersburg, 903 F.2d 274, 277 (3d Cir. 1990). Defendants argue that plaintiff should have known its claims were baseless because it had the benefit of pre-Complaint discovery in the form of a deposition of McBlain taken in a separate suit between MRS and Xspand, a rival in the business of arranging tax lien sales. (Defs.' Reply at 3). As discussed above, however, plaintiff had facts regarding defendants' speech and conduct towards other tax lien sales that, when combined with relevant case law, allowed it to present a non-frivolous case. Under these circumstances, the Court cannot conclude that plaintiff filed its claims in bad faith.

Defendants point to additional evidence to support a finding of harassment. They note that (1) plaintiff used the discovery process to make broad and burdensome requests for McBlain's cell phone records, (2) plaintiff insisted on deposing McBlain for a full day despite the fact that McBlain had already been deposed in a separate suit, and (3) plaintiff used the discovery process to elicit evidence of McBlain's animosity towards Raymond Santarelli, esq., an active member of the Delaware County Democratic Party and an attorney at Elliot Greanleaf & Siedzikowski, P.C. These facts do not support a finding of harassment.

The Federal Rules of Civil Procedure contemplate a discovery process designed to obtain "any nonprivileged matter that is relevant to a party's claim or defense." Fed. R. Civ. P. 26. In each

of the examples provided by defendants as evidence of plaintiff's alleged harassment, plaintiff had a valid, non-vexatious, reason for its requests. McBlain's cell phone records could have helped plaintiff determine the scope of McBlain's conduct with regard to the lien sales, McBlain's deposition in a separate suit has no bearing on the need for a deposition in this case and evidence of McBlain's partisan activities was relevant to plaintiff's claim of political discrimination. In short, the discovery record in this case constitutes reasonable conduct and does not support a finding of harassment. Cf. Solomen, 223 F. Supp. 2d at 687 ("Although the judicial system aspires to a frictionless pre-trial process, in reality, such motions and complaints are common.")

## V. CONCLUSION

This case was a step into what the Third Circuit has called the "often treacherous waters of government contracting." Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396, 404 (3d Cir. 2000). Both parties presented their respective claims and defenses assertively against a background political process that can sometimes foment rivalries and bitterness. Those feelings, however real, are irrelevant to the issue presented by defendants' request for attorneys' fees. Just as failure is not synonymous with frivolousness, anger is not synonymous with bad faith. For all of these reasons, defendants' petition is denied. An appropriate order follows.